**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MASSACHUSETTS**

| In Re: | Case Number 24-40213 |
| Ariel, LLC | Chapter 11 |

**LIMITED OBJECTION TO SALE AND NOTICE OF HIGHER OFFERS**

Now come Creditors, Enmanuel Ventura, Evelyn Reyes Paxtxot, Myrna J. Percibal and Jerson Espaillat, Jr. (the "Creditors"), by and through undersigned counsel, and respectfully request that this Honorable Court deny Debtor's Motion to Sell to the extent that Debtors, Debtor's principals, agents and/or anyone acting in concert with Debtors are permitted to close on or participate in the purchase of the properties at 230 Merrimack Street, Methuen, Massachusetts and 80 Howe Street, Methuen, Massachusetts[1]. Creditors further state that offers to purchase both properties currently exist that well exceed the current $421,500.00 and $280,000.00 stated offers set forth in Debtor's Notice of Intended Private Sale, which were obtained through efforts of the Creditors, not the Debtor. In support of the same, the Creditors say the following:

I.   **OBJECTION**

As set forth in Debtor's Motion to Sell and Debtor's Notice of Intended Sale, Debtor's manager and alleged sole beneficial interest owner, Miguel Aguilo, has allegedly offered to purchase the 230 Merrimack Street Property for $421,500.00. No proof of funding nor the source of that funding outside of funds that should or could be made part of the Bankruptcy Estate have been shown regarding this alleged offer and ability to make the purchase. As set forth in Debtor's Motion to Sell and Debtor's Notice of Intended Sale, Ana Maria Aguilo, the wife of Debtor's said Principal, Miguel Aquilo, has allegedly offered to purchase the 80 Howe Street Property for $280,000.00. No proof of

---

[1] Not including any required obligations as Seller or as required by the Court to effectuate the sales.

funding nor the source of that funding outside of funds that should or could be made part of the Bankruptcy Estate have been shown regarding this alleged offer.

Creditors explicitly object to Debtor or those in concert with Debtor from purchasing said Properties or the opportunity to benefit from the purchase, assignment or sale of said Properties. Pursuant to 11 U.S.C. § 101(31), the term "insider" includes a "person in control of the debtor" and a "relative of a general partner, director, officer, or a person in control of the debtor". "Because the list of 'insiders' is non-exhaustive, courts have held that an insider may be any person or entity whose relationship with the debtor is sufficiently close so as to subject the relationship to careful scrutiny." Both proposed purchasers fall within the definition of an "insider", therefore strict scrutiny is required in this proposed sale to acknowledged insiders of Debtor.

The scrutiny by this Court should be heightened due to the Debtor, Miguel Aguilo, Ana Maria Aguilo and other businesses controlled by the Aguilos having entered into an Assurance of Discontinuance[2] with the Massachusetts Attorney General following a Complaint[3] filed by the Attorney General's Office for the Aguilos' rampant unfair and deceptive real estate related practices. Creditors say that their claims are not simply for debts owed but for similar unfair and deceptive practices, which claims Creditors assert are and/or have been adjudged to be violations of G.L. c. 93A and the terms of the Assurance of Discontinuance entered into with the Attorney General, two of which were active legal proceedings at the time this matter was filed; respectively filed on October 23, 2023[4] and January 12, 2024[5], in one of which Judgment was

---

[2] See Exhibit A
[3] See Exhibit B
[4] See Exhibit C
[5] See Exhibit D

entered against Debtor[6]. Debtor failed to include Creditors' claims whatsoever, notwithstanding those disputes, including active legal proceedings, pending at the time this matter was filed under the pains and penalties of perjury. Creditors claim to have been defrauded by Debtor and its affiliates and vehemently object to any Order or procedure that would allow Debtor and/or its affiliates to participate in the purchase of these Properties for reasons that need not be expounded on but are in the interests of justice and the integrity of the Court.

Furthermore, Debtor and its affiliates have not attempted to solicit competing offers for the benefit of the Bankruptcy Estate as suggested and have in fact made efforts to thwart competing offers[7]; nevertheless, offers for both Properties were obtained and should be the only offers to purchase considered by this Court for the reasons outlined herein. If these two Properties are to be sold in short order, the Creditors request such sale be to an independent third party – otherwise Creditors fully object to the current sale and request that this matter be converted to a Chapter 7 as requested by the Trustee and liquidated together with all other assets for the benefit of the Bankruptcy Estate. Debtor has not marketed the Properties for sale whatsoever and has made no efforts to obtain competing offers that would benefit the Bankruptcy Estate and the Creditors[8]. Ana Maria Aguilo, Debtor's principal's wife and business partner, is a licensed real estate agent but has never listed either Property for sale on the MLS system nor marketed the Properties otherwise. Debtor has instead interfered with Creditors' efforts to obtain higher offers/bids[9].

---

[6] See Exhibit C
[7] See Affidavit of Counsel
[8] See Affidavit of Counsel
[9] See Affidavit of Counsel

II. **NOTICE OF OFFERS**

As set forth in the Affidavit of Counsel submitted herewith, offers to purchase each of the above identified Properties have been obtained, which well exceed Debtor's offers, including cash offers with the ability to close in short order. Offers and proof of funding can be made available upon further order and instruction of the Court.

DATED: January 14, 2025

Respectfully submitted,
Enmanuel Ventura, Evelyn Reyes Paxtxot,
Myrna J. Percibal and Jerson Espaillat, Jr.
By their attorney,

/s/ Jason M. McGuire
Jason M. McGuire, Esq.
BBO# 696580
McArdle Law & Associates, PLLC
280 Merrimack Street, Suite 311
Lawrence, MA 01843
Tel: (978) 681-5150
jason@mcardlelaw.com

## CERTIFICATE OF SERVICE

I, Jason M. McGuire, Attorney for Enmanuel Ventura, Evelyn Reyes Paxtxot, Myrna J. Percibal and Jerson Espaillat, Jr. hereby certify that on January 14, 2025 I electronically filed the foregoing document to be served by email through the Court's ECF system to all entities that are registered users thereof in this case.

/s/ Jason M. McGuire
Jason M. McGuire, Esq.