UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re:<br><br>ARIEL, LLC<br><br>    Debtor | )<br>)<br>)<br>)   Chapter 11<br>)   Case No. 24-40213-EDK<br>)<br>)<br>) |

UNITED STATES TRUSTEE'S OBJECTION TO
DEBTOR'S MOTION FOR ORDER AUTHORIZING SALE OF PROPERTY OF THE
DEBTOR (NAMELY 230 MERRIMACK STREET, METHUEN, MA 01844)

William K. Harrington, Esq., the United States Trustee, by and through counsel, hereby objects to Debtor's Motion For Order Authorizing Sale of Property of the Debtor (Namely 230 Merrimack Street, Methuen, MA 01844 ("Sale Motion")[Dkt. No. 168], and states as follows:

1. Ariel, LLC, (the "Debtor"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, as a Subchapter V debtor, on March 5, 2024 (the "Petition Date"). Since the Petition Date, the Debtor has been operating its business as a debtor-in-possession with all the rights, powers and duties associated therewith as set forth in 11 U.S.C. §§ 1106 and 1107(a).

2. David B. Madoff has been appointed Subchapter V trustee.

3. The matters contained herein constitute a core proceeding under 28 U.S.C. § 157(b)(2)(A).

4. The sale is proposed as a private sale, free and clear of all liens and encumbrances.

5. The Debtor has an offer to purchase the property from Miguel Aguilo, who, as the manager and sole owner of the Debtor, is an insider. 11 U.S.C. § 101(31)(B).

6. The United States Trustee objects to the Sale Motion because:

   a) The Sale Motion contains no showing regarding what marketing efforts, if any, were undertaken by the Debtor in its proposed sale of the property. See MLBR 6004-1(c)(A motion for authority to sell by way of private sale must state, among other things, … "the efforts made by the estate representative to market the property"). A demonstration of the marketing efforts in this case takes on greater significance where, as here, the proposed sale is to an insider. *See In re Old Cold, LLC*, 558 B.R. 500, 516 (B.A.P. 1st Cir. 2016) *quoting In re Tidal Constr. Co.*, 446 B.R. 620, 624 (Bankr. S.D. Ga. 2009)("[Section] 363 sales to insiders are subject to higher scrutiny because of the opportunity for abuse").

   b) Absent a substantial overbid, the proposed sale provides no benefit to any party other than the secured creditor, EF Mortgage, LLC, the Debtor, and the Debtor's owner and manager. Thus, the sale as proposed should receive heightened scrutiny with respect to fair value and good faith. *See In re Flour City Bagels*, LLC, 557 B.R. 53, 78 (Bankr. W.D.N.Y. 2016)(" 'Where a proposed sale would benefit an insider of a debtor, the court is required to give heightened scrutiny to the fairness of the value provided by the sale and the good faith of the parties in executing the transaction.' *Family Christian*, LLC, 533 B.R. at 62 … Further still, if the sale will benefit an insider entity that *controls* the debtor, 'the court must carefully consider whether it is also appropriate to defer to their business judgment.' " *In re Gulf Coast Oil Corp.*, 404 B.R. 407, 424 (Bankr. S.D. Tex. 2009)(emphasis in original).

    c) The Sale Motion provides no evidence of the fair market value of the property to be sold. No reference to an appraisal or other valuation of the property is made.

7. The Unites States Trustee reserves the right to raise further objections to the Sale Motion, and to the sale terms.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order sustaining the United States Trustee's objection, and granting such other relief as is just and proper.

Dated: January 14, 2025

Respectfully submitted,
WILLIAM K. HARRINGTON
United States Trustee, Region 1
By:     /s/ Stephen E. Meunier
Stephen E. Meunier (BBO # 546928)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
446 Main Street, 14th Floor
Worcester, MA 01608
Telephone: (202) 590-8695
Email: stephen.meunier@usdoj.gov

## CERTIFICATE OF SERVICE

I, Stephen E. Meunier, hereby certify that on January 14, 2025, I caused a copy of the foregoing document to be served by email through the Court's ECF system to all entities and interested parties that are registered users thereof in this case, and by electronic mail, to the twenty largest unsecured creditors.

    /s/ Stephen E. Meunier
    Stephen E. Meunier